UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 95-20425
Summary Calendar

In the Matter of:  TRANS MARKETING, Houston, Inc.,

Debtor.

--------------------------------

SOLVENTES, Y QUIMICA DE NICARAGUA S A SOLQUIMISA;
TRANSMERQUIM, DE MEXICO S A DE C V; TRANSMERICIAN,
GUATEMALA S A; TRANSMERIDIAN, EL SALVADOR S A DE CV;
TRANSMERQUIM DE COSTA RICA S A; QUIMICA FLAMINGO, S A;
TRANSQUIMICA SA DE, CV,

Appellants,

VERSUS

JOHN W. WEAVER, Trustee, Liquidating,

Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(H-94-CV-3601)

November 20, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    John W. Weaver, Liquidating Trustee ("Trustee"), for Trans

Marketing, Houston, Inc. ("Debtor"), in Bankruptcy Case No. 93-

---

    [*] Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

43008-H4-11, in the Bankruptcy Court for the Southern District of Texas, filed a non-core adversary complaint in Case No. 94-4292, against seven Central and South American corporate entities (the "defendants"), seeking to collect on accounts receivable owed by each defendant to the Debtor. The defendants, appearing subject to a plea of lack of personal jurisdiction, filed objections to the jurisdiction of the court, claims of improper service of process and improper venue, and general answers. The bankruptcy judge set the pleas to the jurisdiction for a hearing and ruled that the defendants had sufficient United States contacts to substantiate imposition of in personam jurisdiction and that Bankruptcy Rule 7004(d) provided for nationwide service of process. The defendants appealed the rulings of the bankruptcy judge to the United States District Court. The district court affirmed the bankruptcy judge's holdings which denied motions to dismiss for lack of personal jurisdiction and for forum non conveniens. The district court, however, reversed the holding of the bankruptcy judge that citation was properly effected. The defendants appealed to this Court.

We have carefully reviewed the briefs, the record excerpts and relevant portions of the record itself. For the reasons stated by the district court in its Memorandum on Appeal of Interlocutory Order entered under date of May 1, 1995, we AFFIRM the holding of the district court which affirmed the holding of the bankruptcy judge which denied motions to dismiss for lack of jurisdiction and for forum non conveniens.

2

Our appellate review of the propriety of the bankruptcy judge's determination regarding the sufficiency of service of process is complicated by the fact that neither party chose to include in the appellate record the text of the bankruptcy judge's memorandum on this issue nor the transcription of the bankruptcy judge's ruling, if it was an oral ruling. Likewise, the appellate record does not contain copies of any returns of service nor of any affidavits of any person as to the manner and means by which service of process was effected. Consequently, we are unable to resolve the apparent conflict between the ruling of the bankruptcy judge that service of process was sufficient and the ruling of the district court to the contrary. Under these circumstances, we think the ends of justice are best served by our VACATING the order of the district court insofar as it relates to sufficiency of service of process and REMANDING this matter to the district court with instructions to promptly remand the matter to the bankruptcy judge with instructions that the bankruptcy judge conduct a hearing if necessary and make appropriate findings of fact as to whether or not the methods of service of process used by the Trustee were reasonably calculated to give notice to the defendants of the claims asserted in the adversary proceeding as required by Bankruptcy Rule 7004 and Fed. R. Civ. P. 4.

AFFIRMED in part; VACATED and REMANDED in part.